UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN CARRIDICE,

                Plaintiff.               **COMPLAINT**
                                                **AND JURY DEMAND**

-against-

THE CITY OF NEW YORK,
POLICE OFFICER ANDERSON ORTIZ
(Shield No. 26151), OFFICER LOGAN PAYANO (Shield 816),and
POLICE OFFICERS JOHN DOES,
Individually and in their Official Capacities,

                Defendants.
-------------------------------------------------------x

       Plaintiff, JOHN CARRIDICE, by and through his attorneys, **Fisher & Byrialsen PLLC,**

complaining of the defendant herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

       1.     This is a civil rights action in which the plaintiff, JOHN CARRIDICE, seeks

relief for defendants' violations, under color of state law, of his rights, privileges and immunities

secured by the 42 U.S.C. § 1983; the Fourth, Fifth and Fourteenth Amendments to the United

States Constitution and the laws and constitution of the State of New York.

       2.     Defendants, the City of New York and New York City Police Officer Anderson

Ortiz (Shield No. 26151), Officer Logan Payano (Shield 816), and Police Officers John Does;

individually and, as the case may be, in their official capacities, jointly and severally, did cause

plaintiff JOHN CARRIDICE to be subject to, *inter alia*, an unreasonable search, excessive and

unreasonable force, false arrest and imprisonment, causing his loss of liberty and physical and

mental injury.

3.      Plaintiff seeks (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorneys fees, as this court deems equitable and just.

## JURISDICTION

4.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the laws and constitution to the State of New York.

5.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

6.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7.      Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

## NOTICE OF CLAIM

8.      Plaintiff  filed a Notice of Claim on September 21, 2012 placing the City of New

York on Notice of his claim to Malicious Prosecution. Plaintiff was acquitted of all charges on June 15, 2015. This Complaint is brought 1 year and 90 days from the date of acquittal and 30 days has passed since the date of acquittal without resolution of the matter.

## TRIAL BY JURY

9.      Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

10.      At all times relevant hereto Plaintiff was and is a resident of Bronx, New York.

11.      At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

12.      At all times relevant to this action, Defendants Police Officer Anderson Ortiz (Shield No. 26151), Officer Logan Payano (Shield 816), and Police Officers John Does are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.  They are being sued in both their individual and official capacities.

13.      At all times relevant hereto and in all their actions described herein, the Defendants Police Officer Anderson Ortiz (Shield No. 26151), Officer Logan Payano (Shield 816), and Police Officers John Does were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC. pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their

3

otherwise lawful duties and functions as employees, servants, agents and police officers.

14.     NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.  They are being sued both in their individual and official capacities.

## FACTS

15.     On Friday September 7, 2012, Plaintiff, a thirty-five year old African American male, was planning to attend a family gathering at his father's house located at 1045 College Avenue, Bronx, New York 10456.

16.     Plaintiff had arrived at his father's house, parked his vehicle, and at approximately 10:30 pm went to get food to bring to the gathering from a corner market, Franco's, located near and around 1125 Morris Avenue, Bronx, New York 10456.

17.     As Plaintiff turns the corner to go to the corner market he witnesses a large gathering of individuals he has never met before.

18.     Plaintiff believed the crowd looked unruly and suspicious.

19.     Plaintiff suggests in a calm and reasonable tone that the crowd disburse from the sidewalk.  Plaintiff did not touch, assault, or threaten any of the individuals gathered on the street corner.

20.     In contrast to the individuals gathered on the corner,  Plaintiff was dressed professionally in a brown and pink striped button-down dress shirt, slacks, belt and dress shoes.

21.     As Plaintiff approaches the gathering, Plaintiff sees an unknown individual starting a fight and Plaintiff tries to talk to him.

22.     When the unknown individual turns his back to the Plaintiff, Plaintiff proceeds to

4

turn around and walk away from the crowd.

23.     At that time, Officer Anderson Ortiz (Shield No. 26151) is nearby in a marked patrol vehicle

24.     Officer Anderson Ortiz (Shield No. 26151) exits his vehicle, walks toward the previously mentioned unknown individual that was trying to start a fight.

25.     For no articulable reason, instead of attempting to stop the previously mentioned unknown individual, Officer Anderson Ortiz (Shield No. 26151) walks behind Plaintiff, grabbing Plaintiff's left arm without provocation or reason.

26.     Plaintiff instinctively pulls away before he realizes the individual that grabbed him was an officer.

27.     As Plaintiff turns around toward Officer Anderson Ortiz (Shield No. 26151), Officer Ortiz hits Plaintiff in the left eye with a heavy black object without provocation or reason.

28.     At the time Plaintiff is grabbed and struck by Officer Anderson Ortiz (Shield No. 26151), Plaintiff has not exhibited any illegal or unlawful behavior warranting probable cause for arrest.

29.     At the time Plaintiff is grabbed and struck by Officer Anderson Ortiz (Shield No. 26151), Plaintiff is neither intoxicated nor is his ability impaired in anyway.

30.     At the time Plaintiff is grabbed and struck by Officer Anderson Ortiz (Shield No. 26151), Plaintiff had no weapons or contraband in plain view and he did not do anything that might reasonably have aroused police suspicion.

31.     At the time Plaintiff is grabbed and struck by Officer Anderson Ortiz (Shield No.

26151), Plaintiff did not punch, strike, shove or kick anyone, nor did he raise his fists toward anyone or engage in any aggressive or fighting behavior.

32.    At this time Plaintiff is assaulted by Officer Anderson Ortiz (Shield No. 26151), Plaintiff felt the skin on his left eyebrow split open and he felt blood pour down his face.

33.    At the time Plaintiff is assaulted, he has not been placed under arrest.

34.    At the time Plaintiff is assaulted, he does not flail his body, fight, or flee from the officer that assaulted him.

35.    At the time Plaintiff is assaulted, Plaintiff drops his torso, bends his knees, and moves his arms to hold his eye as blood rushes out of his deep laceration.

34.    Plaintiff is violently grabbed by Officer Anderson Ortiz (Shield No. 26151) and Plaintiff is handcuffed and placed under arrest.  No other individuals were arrested.

35.    At the time Plaintiff is actually placed under arrest, he does not physically resist arrest in any way.

36.    At no time were any defendant officers injured or in any way sustained any of the following injuries: physical cuts, scars or bruises; substantial pain; or threat or fear of life.

37.    By the time Plaintiff is placed under arrest, backup patrol vehicles arrive.

38.    Plaintiff is placed in a patrol vehicle driven by Officer Anderson Ortiz (Shield No. 26151) so he can be transported to the 44th Precinct.

39.    Officer Logan Payano (Shield 816). Officer Ortiz's partner, was a passenger in the vehicle.

40.    In the patrol vehicle, Plaintiff asks Officer Anderson Ortiz (Shield No. 26151) numerous times "why did you hit me."

6

41.     In response to Plaintiff's questions, Officer Ortiz stops the patrol vehicle and without provocation, Officer Logan Payano (Shield 816), exits the car, and through the open back passenger seat, sprays Plaintiff with pepper spray for approximately 5 seconds while Plaintiff is restrained and handcuffed.

42.     Officer Anderson Ortiz (Shield No. 26151) then states to Officer Logan Payano (Shield 816) "that is enough," referring to Officer Logan Payano (Shield 816) pepper spraying Plaintiff.

43.     Officer Logan Payano (Shield 816) ceases pepper spraying Plaintiff, enters the patrol car, and raises the back passenger window.

44.     Plaintiff's eyes begin to burn in excruciating pain.

45.     Officer Anderson Ortiz (Shield No. 26151) drives approximately 5 feet, stops the patrol vehicle, both officers Ortiz and Payano exit the patrol vehicle coughing from the pepper spray fumes, and both officers Ortiz and Payano leave Plaintiff handcuffed and detained inside the vehicle, with all windows closed, for approximately 5 minutes.

46.     Officers Ortiz and Payano reenter the patrol vehicle, lower the windows and drive to the 44th precinct.

47.     Plaintiff arrives at the 44th precinct at approximately 11:00pm.

48.     Plaintiff is processed at the 44th precinct.

49.     Plaintiff had more than $100.00 in his wallet and on his person at the time of his arrest. However, the 44th precinct only vouchered $2.00.

50.     As Plaintiff is being processed at the 44th Precinct, Plaintiff has a severe cut on his left eyebrow and both of his eyes are red, irritated, and inflamed.

7

51.    A third Officer, John Doe, transports Plaintiff to Lincoln Medical Center located at 234 East 149th Street, Bronx, New York 10451.

52.    The third Officer, John Doe, refused to allow the medical staff, witness individuals or Plaintiff take pictures of his injuries.

53.    Plaintiff was evaluated and treated for his eye irritation and deep laceration by Dr. Michael Deangelo.

54.    Plaintiff was diagnosed as needing stitches for the deep laceration on his left eyebrow.

55.    The third Officer, John Doe, continued to refuse to allow Plaintiff to make a record of his injuries by photograph.  Seeking to document his deep laceration prior to treatment, Plaintiff refused medical assistance at that time.

56.    Plaintiff was transported back to the 44th precinct.

57.    At that time, Plaintiff is told that he would not be given a DAT and would be brought to Central Booking.

58.    Plaintiff was also told that he could not make a record of his injuries by photograph.

59.    As a result,  at approximately 4:45 am, Plaintiff was transported back to Lincoln Medical Center, treated by Dr. Chantal Gabriel, and received three stitches.

60.    Plaintiff was transported back to the 44th precinct.

61     At approximately 10 am Saturday September 8, 2012, Plaintiff was interviewed by two individual NYPD officers from Internal Affairs.  Plaintiff made a tape recorded statement.

8

62.     Plaintiff was not transported to Central Booking until approximately 9:30 am the following day, Sunday September 9, 2012.

63.     A Criminal Court Complaint was prepared and signed by Officer Anderson Ortiz (Shield 26151).

64.     The Criminal Court Complaint contained patently false and fabricated statements regarding Plaintiff's physical actions and verbal statements; such fabricated and false statements resulted in false charges being brought against Plaintiff, and the Complaint, which included fabricated and false statements, was used by the Bronx County District Attorney's Office to prosecute Plaintiff.

65.     Plaintiff was arraigned under docket number 2012BX051878 and learned for the first time that he was charged with PL 205.30 Resisting Arrest, PL 240.10 Unlawful Assembly, PL 240.20(1) Disorderly Conduct, and PL 240.26(1) Harassment in Second Degree.

66.     Plaintiff was not charged with Assault of an Officer or Resisting Arrest.

67.     Plaintiff was released on his own recognizance.

68      On Tuesday, September 11, 2012, Plaintiff was admitted to Montifiore Emergency Department located at 111 East 210th Street, Bronx, New York 10467, due to respiratory issues from the pepper spray and underwent diagnostic testing.

67.     On Wednesday September 12, 2012, Plaintiff returned to Lincoln Medical Center to have stitches removed from his left eyebrow.

68.     As a result of his malicious prosecution, Plaintiff was caused to return to Court over ten times over the course of nearly three years.

69.     Plaintiff's trial for the underlying criminal matter commenced on June 9, 2015 in

Bronx Criminal Court, Part TP6, before Judge S. Kelly and continued until June 15, 2015.

70.     On June 15, 2015, the jurors returned a verdict of Not Guilty as to all charges and Plaintiff was formally acquitted of all charges after trial.

71.     Plaintiff lost wages as a result of his false arrest, false imprisonment, assault, and malicious prosecution.

72.     At the time of the incident, Plaintiff was and had been employed with Children's Aid Society, a non-profit organization, located at 105 E. 22nd Street in Manhattan, for over 4 years, as a Residential Aid.

73.     Plaintiff's academic career was hindered as a result of his false arrest, false imprisonment, assault, and malicious prosecution.

74.     At the time of the incident, Plaintiff was enrolled at Hunter College located at 695 Park Avenue, New York, New York 10065 as a child psychology major.

75.     Plaintiff admittedly has a criminal record.  However, he had since turned his life around, led a law abiding life, held steady employment, raised a two children, and sought a bachelor's degree in child psychology.

76.     Plaintiff's false arrest, false imprisonment, assault, and malicious prosecution resulted in anxiety, stress, depression, humiliation and embarrassment; he was caused to miss work, academic classes, and academic examinations causing him financial and emotional distress and anxiety; and the unlawful arrest resulted in humiliation and embarrassment from his family.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**
**(General Allegations, Fourth, Fifth and Fourteenth Amendments)**

77.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs

with the same force and effect as though fully stated herein.

78.     All of the aforementioned acts of Defendants, their agents, servants, and

employees were carried out under color of state law.

79.     All of the aforementioned acts deprived PLAINTIFF of the rights, privileges, and

immunities guaranteed citizens of the United States by the Fourth, Fifth, and Fourteenth

Amendments to the Constitution of the United States, including, but not limited to:

a. the right to be free from unreasonable searches of his person,

b. the right to be free from unreasonable seizure of his person, including excessive force,

c. the right to be free from arrest without probable cause,

d. the right to be free from false imprisonment, that being wrongful detention without

good faith, reasonable suspicion or legal justification, and of which detention, plaintiff was

aware and to which he did not consent.

e. the right to be free from the lodging of false charges against him by police officers,

f. the right to be free from abuse of process,

g. the right to be free from deprivation of liberty without due process of law, and

h. the right to equal protection, privileges and immunities under the laws.

80.     All of the aforementioned acts were carried out in violation of 42 U.S.C. § 1983.

81.     The acts complained of were carried out by the aforementioned individual

Defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto.

82.     The acts complained of were carried out by the aforementioned individual

Defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of

said department.

83.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her

respective municipality/authority, which is forbidden by the Constitution of the United States.

84.     By these actions, these Defendants have deprived Plaintiff of rights secured by the

Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42

U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

85.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs

with the same force and effect as though fully stated herein.

86.     The degree of force used by Defendants was excessive, unreasonable, and

unwarranted.

87.     Defendants' actions were intentional, willful, malicious, egregious, grossly

reckless and negligent, unconscionable, and unprovoked.

88.     As a result of the excessive force and brutality, Plaintiff sustained multiple

injuries to his body and endured serious physical, emotional and psychological distress.

89.     All of the aforementioned acts of the Defendants constituted excessive force

under the United States Constitution and the Defendants are liable for said damage.

### THIRD CLAIM FOR RELIEF:
### FALSE ARREST

90.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

91.     As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

92.     As a result of his false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of her liberty.

93.     All of the aforementioned acts of the Defendants constituted false arrest under the United States Constitution and the Defendants are liable for said damage.

### FOURTH CLAIM FOR RELIEF:
### FALSE IMPRISONMENT

94.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

95.     As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

96.     All of the aforementioned acts of the Defendants constituted false imprisonment under the United States Constitution and the Defendants are liable for said damage.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION

97.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

98.     By the actions described above the defendants maliciously and without probable cause, prosecuted Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law right as guaranteed by the laws and constitution of the State of New York.

99.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

100.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

101.    The acts complained of herein were carried out by the Defendant officers in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

102.    Prior to September 7, 2012, NYC and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff's rights.

14

103.    It was the policy and/or custom of NYC and the NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

104.    It was the policy and/or custom of NYC and the NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: false arrest, false imprisonment, malicious prosecution, excessive force, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

105.    The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

106.    The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

107.    The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

108.    As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

109.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

110.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

111.    Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

112    All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

     a.    Not to be deprived of liberty without due process of law;

     b.    To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

     c.    To be protected against violations of his civil and constitutional rights;

     d.    Not to have cruel and unusual punishment imposed upon him; and

     e.    To receive equal protection under the law.

### SIXTH CLAIM FOR RELIEF:
### FAILURE TO INTERVENE
### UNDER FOURTH AMENDMENT – 42 U.S.C. § 1983

113.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

114.    Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or falsely arresting a civilian.

115.    The defendant officers were present and in the vicinity of plaintiff's assault by defendant officers and witnessed other officers, *inter alia*, use unlawful force against plaintiff, including assaulting plaintiff and causing him to suffer severe physical injuries.

116.    The assault of plaintiff was clearly without any other legal justification, yet defendants failed to take any action or make any effort to intervene, halt or protect plaintiff from the illegal and excessive force inflicted upon him.

117.    Defendants' violated plaintiff's constitutional rights by failing to intervene in the excessive force used on plaintiff or the Defendant Officers' clearly unconstitutional use of force that resulted in injury and damages.

17

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) DOLLARS; and

2. Punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs: and

4. Such other and further relief as this Court deems just and proper.

DATED:      New York, New York
            August 24, 2015

Respectfully submitted,

Kaitlin F. Nares (KN2953)
FISHER & BYRIALSEN PLLC
*Attorney for Plaintiff*
99 Park Avenue-26th Floor
New York, New York 10016
(212) 962-0848 Ext 6
kaitlin@fblaw.org

18